FRANK H. TUFT, PLAINTIFF, v. ROBERT M. ELMER,
DEFENDANT.

Argued February 20, 1923—Decided May 22, 1923.

**Action on Note—Renewal of Former Note—Affidavit of Merits
Filed but Answer not Filed and Judgment Taken—Motion
to Open Default Judgment.**

On motion to open default judgment.

Before Justices PARKER, BERGEN and MINTURN.

For the plaintiff, *Lewis Starr*.

For the defendant, *Waddington & Matthews*.

PER CURIAM.

The suit is on a promissory note made by defendant to the
order of the plaintiff, so far as we can gather from the papers
before us; but plainly this note was in renewal of a former
note made by defendant to his own order and endorsed by
him and delivered to one Benjamin, who delivered it to the
plaintiff with his endorsement; plaintiff, therefore, claiming
to be a holder in due course. Defendant was served with
summons and complaint in this suit, employed an attorney,
who filed an affidavit of merits but overlooked filing an an-
swer and judgment by default was entered for want of an-
swer. The application is made under the statute providing
for relief against default of the attorney, but, of course, the
disposition of the motion remains within our discretion.
*Smith* v. *Livesey*, 67 *N. J. L.* 269.

Examining into the merits, the situation was, as we find it,
substantially as follows: When the first note fell due it had
been negotiated to plaintiff, who put it through the banks for
collection, and it went to protest. Plaintiff then looked up
the defendant and had an interview with him, the details of

which are to some extent disputed, and the result of that interview was that defendant made his check for $500 on account of the note to the order of "cash" and delivered it to plaintiff, who later banked it, and it was paid in regular course.  Defendant also made the second note, now in suit, and delivered it to plaintiff, but it was not paid.

As has been said, there is some dispute about what was said when defendant gave the present note.  Defendant does not deny getting back his former note, but says plaintiff took off the certificate of protest.  This plaintiff denies.  We do not find it necessary to discuss the point as it seems immaterial. It is conceded that plaintiff erased his endorsement from the first note, as he naturally would when he surrendered it. ·There was some conversation on the point that defendant had better settle the first note; he says plaintiff told him it would be better to avoid publicity; plaintiff denies this and says defendant said he realized he would have to stand a loss on the note.  The point on which all this bears is that defendant claimed he had given the first note to Benjamin to pay for some mining stock which was never issued, in a mine which never existed, so that defendant got nothing for his note, and naturally did not feel like paying it.  Plaintiff has throughout denied any knowledge of fraud in the inception of the note, and asserted that he bought it in the usual course of business.

We think it unnecessary to discuss in detail what was said at the conversation preceding the making of the new note. When the first note turned up in the hands of an endorsee, defendant found himself confronted with the alternative of repudiating the note and standing a suit, or paying it, or getting time.  He chose the last by paying $500 on account and giving a new note; so that whatever he might have been able to assert as a defence to the original note, he seems to have waived, and obtained a compromise of a claim presently due by giving the second note.  We think he has failed to make out a meritorious defence which entitles him to an opening of this judgment; especially as he seems to have

taken some advantage of the delay to convey certain real estate to his wife.

There is nothing in the circumstances that the defendant's check was made to the order of "cash." This is satisfactorily explained by the affidavit of plaintiff that he wished to take it to the bank and draw the money on it at once, and refrained in view of defendant's request to wait a few days.

The motion will be denied, with costs.